

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COOPERVISION, INC., | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:06-CV-260 |
| | § | |
| | § | JUDGE RON CLARK |
| CIBA VISION CORPORATION, | § | |
| | § | |
|     *Defendant.* | § | |

# **SCHEDULING ORDER**
(Patent Cases)

    The Court, after considering the joint attorney conference report and after reviewing the case file, enters this case specific order which controls disposition of this action pending further order of the Court. The following actions shall be completed by the date indicated.[1]

### DEADLINES

| | |
|---|---|
| February 7, 2007 | Join Additional Parties |
| February 21, 2007 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| February 21, 2007 | P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) to be served. To extent not already required to be disclosed, exchange Mandatory Disclosures other than information directed solely toward damages. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed. All deadlines shall be as of 4:00 p.m., on the day specified.

Scheduling Order (Patent Cases) Rev. 12/4/06

| | |
|---|---|
| March 7, 2007 | Plaintiff shall limit the number of asserted claims to no more than **twenty (20)** and notify the accused infringer and the court; **the claims to be presented at trial shall be limited to these asserted claims, unless good cause is shown to modify this order.** |
| March 21, 2007 | Parties to exchange proposed terms and claim elements for construction (P.R. 4-1). |
| April 4, 2007 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2). |
| April 4, 2007 | Plaintiff's Final Amended Pleadings. **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit).** |
| April 23, 2007 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3). Provide an estimate of how many pages are needed to brief the disputed claims. |
| April 25, 2007 | Respond to Amended Pleadings |
| May 23, 2007 | Completion date for discovery on claim construction (P.R. 4-4). |
| June 7, 2007 | Opening claim construction brief (P.R. 4-5(a)). |
| June 21, 2007 | Responsive claim construction brief (P.R. 4-5(b)). |
| June 28, 2007 | Reply claim construction brief (P.R. 4-5(c)). |
| June 13, 2007 | Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. |
| June 13, 2007 | Submit technology synopsis. |
| June 25, 2007 | Possible tutorial at 10:00 a.m. |

| | |
|---|---|
| **June 27, 2007** | Claim construction hearing at 10:00 a.m. |
| July 27, 2007 | Provide Initial Mandatory Disclosures of information directed solely to damages.<br>Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things, which are relevant to a claim or defense of any party and which has not previously been disclosed.  This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information.  It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial. |
| August 27, 2007 | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B). |
| August 27, 2007 | Comply with P.R. 3-8.  (Designation of Wilfulness Opinions). |
| September 24, 2007 | Parties to Designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness report, to include for ALL experts all information set out in Rule 26(2)(B). |
| October 8, 2007 | File Dispositive Motions and any other motions that may require a hearing.  Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions.  Each individual motion shall comply with Local Rule CV-7.<br>Responses to motions shall be due in accordance with Local Rule CV-7(e).<br>Note:  Objections to any expert, including Daubert motions, shall be filed within 3 weeks after the expert's Report has been disclosed. Such objections and motions are limited to ten pages each. |

| | |
|---|---|
| October 8, 2007 | Discovery Deadline.  All discovery must be served in time to be completed by this date. |
| December 3, 2007 | Notice of intent to offer certified records |
| December 3, 2007 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and  unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| December 10, 2007 | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve on all other parties a  disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which can not be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties designations and the court's rulings on objections |
| December 17, 2007 | Motions in limine due<br>File Joint Final Pretrial Order.  See Local Rules Appendix D (Obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form). Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies |
| December 21, 2007 | Response to motions in limine due<br>File objections to witnesses,  deposition extracts, and exhibits, listed in pre-trial order. (This does not extend the deadline to object to expert witnesses).  If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |

**January 7, 2008**              Docket call and Final Pretrial at 9:00 a.m.
Date parties should be prepared to try case. Provide court with two copies of most updated Exhibit list. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre- Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits.

**January 8, 2008**              9:00 a.m. Jury Selection and Trial

## SCOPE OF DISCOVERY

Modification.  Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects.  *See* Fed. R. Civ. P. 26(b)(2)(iii).

Case specific disclosure.   The parties shall disclose the information required by the Order Governing Proceedings, the Patent Rules of this court, and this Scheduling Order.

A party that fails to timely disclose such information is not, unless such failure is harmless, permitted to use such evidence at trial,  hearing or in support of a motion.  In addition to or in lieu of such sanction, the Court may impose other appropriate sanctions, including the payment of reasonable expenses and attorney's fees.

Depositions.   Given the extensive disclosures required without a request from opposing party, and the extensive discovery permitted in Civil Action 2:06cv149, which the parties have agreed applies to both cases, each party will have 20 more interrogatories and requests for admissions. There will be unlimited requests for admissions as to authentication. Absent court order, all depositions shall be taken in compliance with Fed. R. Civ. P. 30(d) and Local Rule CV-30, except that the total time allotted for depositions is 14 more hours per party for all depositions, whether the time is used in direct examination or cross-examination.  Reasonable breaks for lunch and otherwise will not count toward the time limit.

In connection with all productions of foreign language documents, the producing party will produce any existing English language translation, whether or not created for the purpose of this case.

The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3)as such disclosure is cumulative of this Court's pre-trial order procedures.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

**TRIAL**

     Jurors are performing a public service, which is usually inconvenient to them, and may be at great personal expense.  Once the jury is seated, every effort will be made to present the case professionally, efficiently, and without interruption.  The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence.  Counsel should be familiar with the evidence display system available in the courtroom.  Copies of exhibits which will be handed to witnesses should be placed in a three ring binder, with an additional copy for the court.

     Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

     So **ORDERED** and **SIGNED** this **3**   day of **January, 2007.**

*[signature: Ron Clark]*

     Ron Clark, United States District Judge